UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENAO ANTONIO,

                  Plaintiff,

-against-

GENERAL SERVICE ADMINISTRATION, et al.,

                  Defendants.

21-CV-6522 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking federal question jurisdiction under 28 U.S.C. § 1331. He asserts that Defendants violated his rights. By order dated October 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses this complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the court's form complaint for civil cases, brings this action against the United States General Service Administration (GSA) and the State of New York. He invokes federal question jurisdiction and asserts that Defendants violated his rights. Plaintiff, however, provides no facts relating to the alleged violations. He instead only provides the following in his statement of claim:

> COLOR OF RIGHTS VIOLATION OBSTRUCTION OF JUSTICE COLOR OF TITLE SHARP PRACTICE/FINANCIAL CRIMES SEE SUPPORTING DOCUMENTS OF ALL TRANSGRESSION SINCE 2016

(ECF 2, at 4.) Plaintiff attaches to the complaint a description for a property located at 2768-2772 Frederick Douglass Blvd in Harlem; a page relating to charges made against a person named Keith Fennessy; and a document entitled Universal Declaration of Human Rights.

## DISCUSSION

Plaintiff's complaint fails to satisfy federal pleading rules. He does not provide a short and plain statement showing that he is entitled to relief as required by Rule 8 or include any facts suggesting that any defendant violated his rights. In order to state a claim for relief, a complaint must contain enough facts to allow the Court to reasonably infer that the defendant is liable to the plaintiff. *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff's complaint contains no facts about what occurred or how the defendants or any other person allegedly violated his rights. As Plaintiff fails to articulate a viable legal claim, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it appears that Plaintiff's claims against the GSA are barred by sovereign immunity. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies, except where sovereign immunity has been waived.[1] *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.").

---

[1] The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). Plaintiff does not allege any facts suggesting that he has complied with the FTCA's procedural requirements. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999).

As a United States agency, the GSA enjoys sovereign immunity from suit. The Court must therefore dismiss Plaintiff's purported claims against the GSA under sovereign immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Nor can Plaintiff sue the State of New York for allegedly violating his rights. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.[2] *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims against the State of New York must therefore be dismissed as barred under the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero*, 171 F.3d at 760.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[2] Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## WARNING

Plaintiff has filed two other actions in this court against government entities in which he failed to allege facts or articulate viable legal claims. *See Antonio v. State of New York*, ECF 1:21-CV-7303, 2 (S.D.N.Y. filed Aug. 31, 2021); *Antonio v. State of New York* , ECF 1:21-CV-6823, 1 (S.D.N.Y. filed Aug. 12, 2021). He has also filed similar actions in other courts. *See Antonio v. NYPD*, No. 21-CV-4891 (E.D.N.Y. filed Aug. 20, 2021) (pending); *Antonio v. Shrine Church of the Most Precious Blood*, No. 2:21-CV-1076 (E.D. Pa. May 10, 2021) (dismissed for failure to state a claim); *Antonio v. United States of America*, No. 21-CV-0683 (D.D.C. Mar. 18, 2021) (dismissed without prejudice for failing to meet the minimal pleading standard).

In light of Plaintiff's litigation history, he is warned that the further filing of vexatious or frivolous litigation in which he fails to allege facts showing that he is entitled to relief may result in an order under 28 U.S.C. § 1651(a), barring him from filing new actions without prior permission in this court.[3] This warning is necessary, in light of Plaintiff's numerous filings, to conserve this court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## APPLICATION FOR THE COURT TO APPOINT *PRO BONO* COUNSEL

Plaintiff also requests that the Court appoints *pro bono* counsel. The factors to be considered in ruling on an indigent litigant' s request for counsel include the merits of the case,

---

[3] Plaintiff's listed address is the same as that of Elvin Genao, a litigant who filed numerous frivolous civil actions in this court and was barred from filing any new civil action IFP without first obtaining leave to file. *See Genao v. Saint Pauls Church*, ECF 1:19-CV-2704, 6 (S.D.N.Y. June 5, 2019).

Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper* , 877 F.2d at 172. Because the Court dismisses this action, Plaintiff's motion for counsel (ECF 2) is denied as moot.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's application for the Court to request *pro bono* counsel (ECF 2) is denied as moot. Plaintiff is also warned that further vexatious or frivolous litigation in this court may result in an order barring him from filing any new actions without prior permission. All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket.

SO ORDERED.

Dated:   November 5, 2021
         New York, New York

       /s/ Laura Taylor Swain
       LAURA TAYLOR SWAIN
       Chief United States District Judge